## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):     **Deems Leonard Self**
**Dianna Marie Self**                    Case No:  **15-34657-KRH**

This plan, dated __**September 14, 2015**__ , is:

- ■ the *first* Chapter 13 plan filed in this case.
- ☐ a modified Plan, which replaces the
  ☐confirmed or ☐unconfirmed Plan dated .

Date and Time of <u>Modified Plan</u> Confirming Hearing:

Place of <u>Modified Plan</u> Confirmation Hearing:

The Plan provisions modified by this filing are:

Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.   If no objections are timely filed, a confirmation hearing will NOT be held.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$159,660.00**
Total Non-Priority Unsecured Debt: **$58,940.27**
Total Priority Debt: **$1,035.00**
Total Secured Debt: **$153,518.00**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

1.    **Funding of Plan.**  The debtor(s) propose to pay the trustee the sum of **$410.00 Monthly for 60 months**.  Other payments to the Trustee are as follows:  __NONE__ .  The total amount to be paid into the plan is $  __24,600.00__ .

2.    **Priority Creditors.**  The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   **A.    Administrative Claims under 11 U.S.C. § 1326.**

      1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2.    Debtor(s)' attorney will be paid $  __4,950.00__  balance due of the total fee of $  __5,050.00__  concurrently with or prior to the payments to remaining creditors.

   **B.    Claims under 11 U.S.C. §507.**
      The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **County of Westmoreland** | **Taxes and certain other debts** | **1,035.00** | Prorata<br>4 months |

3.    **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   **A.    Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims will be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| **Bank of Lancaster** | **2006 Ford Explorer with 59k miles** | **11/02/2012** | **4,356.00** | **10,800.00** |
| **Martin Sale Furniture** | **Living Room Suite** | **03/2014** | **2,252.01** | **200.00** |
| **Springleaf Financial Services** | **2007 Chevrolet Malibu with 39k miles** | **07/2013** | **8,084.03** | **7,962.00** |

   **B.    Real or Personal Property to be Surrendered.**

   Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **-NONE-** | | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                                          Best Case Bankruptcy

**C.      Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| **Bank of Lancaster** | **2006 Ford Explorer with 59k miles** | **22.00** | **Trustee** |
| **Martin Sale Furniture** | **Living Room Suite** | **10.00** | **Trustee** |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.      Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| **Bank of Lancaster** | **2006 Ford Explorer with 59k miles** | **4,356.00** | **4.25%** | **98.84** |
| | | | | **48 months** |
| **Martin Sale Furniture** | **Living Room Suite** | **200.00** | **4.25%** | **17.05** |
| | | | | **12 months** |
| **Springleaf Financial Services** | **2007 Chevrolet Malibu with 39k miles** | **7,962.00** | **4.25%** | **180.67** |
| | | | | **48 months** |

**E.      Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.      Unsecured Claims.**

**A.      Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately __2__ %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__ %.

**B.      Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **-NONE-** | | |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

5.      **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.      **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.**  The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Bayview Loan Servicing, Inc.** | **Primary Residence Located at 1537 Nomini Grove Road, 22572** **Notice:  Section 11 of plan contains a Motion to Value Real Property pursuant to 11 USC 506(a)** | **850.86** | **0.00** | **0%** | **0 months** | |

B.      **Trustee to make contract payments and cure arrears, if any.**  The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

C.      **Restructured Mortgage Loans to be paid fully during term of Plan.**  Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| **-NONE-** | | | | |

6.      **Unexpired Leases and Executory Contracts.**  The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A.      **Executory contracts and unexpired leases to be rejected.**  The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **Clear One Advantage** | **Credit Counseling - Reject** |

B.      **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **Select Portfolio Servicing inc** | **Contract - Assume Loan Modification** | **0.00** | | **0 months** |

Page  4of 13

**7.**     **Liens Which Debtor(s) Seek to Avoid.**

   **A.**     **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

   **B.**     **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **Springleaf Financial** | **Home Equity** | **Primary Residence Located at 1537 Nomini Grove Road, 22572 Notice:  Section 11 of plan contains a Motion to Value Real Property pursuant to 11 USC 506(a)** | **Balance of first mortgage exceeds the value of the real estate** |

**8.**     **Treatment and Payment of Claims.**

   •     All creditors must timely file a proof of claim to receive payment from the Trustee.
   •     If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   •     If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   •     The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**     **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**     **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

**11.**    **Other provisions of this plan:**

**I.  Payment of Adequate Protection**

- All adequate protection payments set forth in Section 3.C are to be paid through the Trustee.

- The Debtors shall pay regular post-petition contract payments to the creditors listed in Section 5.A., and such payments shall also constitute adequate protection payments to such creditors. Accordingly, the Trustee shall not pay adequate protection payments to creditors listed in Section 5.A.

- No adequate protection payments are to be paid to any creditors unless the Plan provides for the payment of adequate protection of such claim(s) through the Trustee in Section 3.C. or directly by the Debtors in Section 5.A., or unless the Court orders otherwise.

**II.  MOTION TO VALUE REAL PROPERTY PURSUANT TO 11 USC SECTION 506**

**Creditor: Springleaf Financial**

**Estimated Principal Balance Due: $18,587.00**

**Description of Security: 2nd Deed of Trust on proprety located at 1537 Nomini Grove Road, 22572**

**The debtors hereby move to value their principal residence located at 1537 Nomini Grove Road, 22572 at $125,000.00 in accordance with 11 U.S.C. § 506(a), F.R.B.P. 3012 and L.B.R. 3015-2.  The debtor further asserts that since the balance due to the senior lien holder exceeds the value of the collateral, Springleaf Financial's claim is wholly unsecured under 11 U.S.C. § 506(a). Failure to object to the Plan shall constitute acceptance by the creditor of debtor's valuation of the property. The order confirming the plan shall constitute a judicial determination of the property's value. Debtor will file a separate Adversary Proceeding in order to declare the creditor's lien void under 11 U.S.C. § 506(d)."**

**II. Notwithstanding the confirmation of this plan the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with § 502(b) and to challenge the standing of any party to assert any such claim.**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                          Best Case Bankruptcy

**Signatures:**

**Dated:**   **September 14, 2015**

**/s/ Deems Leonard Self**                                             **/s/ Christina P. Spratley VSB**
**Deems Leonard Self**                                                **Christina P. Spratley VSB 78906**
**Debtor**                                                           **Debtor's Attorney**

**/s/ Dianna Marie Self**
**Dianna Marie Self**
**Joint Debtor**

**Exhibits:**        **Copy of Debtor(s)' Budget (Schedules I and J);**
                     **Matrix of Parties Served with Plan**

                              Certificate of Service

I certify that on    **September 14, 2015**    , I mailed a copy of the foregoing to the creditors and parties in interest on the attached
Service List.

                     **/s/ Christina P. Spratley VSB**
                     **Christina P. Spratley VSB 78906**
                     Signature

                     **P. O. Box 11588**
                     **Richmond, VA 23230-1588**
                     Address

                     **804-358-9900**
                     Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Virginia

| In re | **Deems Leonard Self** |  |  |  |
|---|---|---|---|---|
| | **Dianna Marie Self** | | Case No. | **15-34657-KRH** |
| | | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:     **Springleaf Financial Services, Inc., C/O CT Corporation System, Reg. Agent**
**4701 Cox Road, Suite 285; Glen Allen, VA 23060**
*Name of creditor*

**Primary Residence Located at 1537 Nomini Grove Road, 22572**
**Notice:  Section 11 of plan contains a Motion to Value Real Property pursuant to 11 USC 506(a)**
*Description of collateral*

1.     The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☐     To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☑     To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.     ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **No later than (7) days prior to 11/10/15** |
| Date and time of confirmation hearing: | **11/10/2015 @ 11:10 a.m.** |
| Place of confirmation hearing: | **701 E. Broad St., Room 5000, Richmond, VA** |

**Deems Leonard Self**
**Dianna Marie Self**
*Name(s) of debtor(s)*

By:     **/s/ Christina P. Spratley VSB**
**Christina P. Spratley VSB 78906**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**Christina P. Spratley VSB 78906**
*Name of attorney for debtor(s)*
**P. O. Box 11588**
**Richmond, VA 23230-1588**
*Address of attorney [or pro se debtor]*

Tel. #     **804-358-9900**
Fax #     **(804) 358-8704**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■  first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

□  certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **September 14, 2015**  .

 

**/s/ Christina P. Spratley VSB**

**Christina P. Spratley VSB 78906**

*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
### Eastern District of Virginia

| In re | **Deems Leonard Self** | Case No. | **15-34657-KRH** |
|---|---|---|---|
| | **Dianna Marie Self** | | |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To: **Martin Sale Furniture Co., Inc., C/O Clifton F. Ogg, Reg. Agent**
**224 Prince St., PO Box 699;Tappahannock, VA 22560**
*Name of creditor*

**Living Room Suite**
*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

■      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **No later than (7) days prior to 11/10/15** |
| Date and time of confirmation hearing: | **11/10/2015 @ 11:10 a.m.** |
| Place of confirmation hearing: | **701 E. Broad St., Room 5000, Richmond, VA** |

**Deems Leonard Self**
**Dianna Marie Self**
*Name(s) of debtor(s)*

By:    **/s/ Christina P. Spratley VSB**
**Christina P. Spratley VSB 78906**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Christina P. Spratley VSB 78906**
*Name of attorney for debtor(s)*
**P. O. Box 11588**
**Richmond, VA 23230-1588**
*Address of attorney [or pro se debtor]*

| Tel. # | **804-358-9900** |
|---|---|
| Fax # | **(804) 358-8704** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this ___**September 14, 2015**___ .

**/s/ Christina P. Spratley VSB**
**Christina P. Spratley VSB 78906**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | | |
|---|---|---|
| In re | **Deems Leonard Self**<br>**Dianna Marie Self** | Case No. **15-34657-KRH** |
| | Debtor(s) | Chapter **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:  **Springleaf Financial Services, Inc., C/O CT Corporation System Reg. Agent**
**4701 Cox Road, Suite 285; Glen Allen, VA 23060**
*Name of creditor*

**2007 Chevrolet Malibu with 39k miles**
*Description of collateral*

1. The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ■ To value your collateral. *See Section 3 of the plan.* Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐ To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. *See Section 7 of the plan.* All or a portion of the amount you are owed will be treated as an unsecured claim.

2. *You should read the attached plan carefully for the details of how your claim is treated.* The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **No later than (7) days prior to 11/10/15** |
| Date and time of confirmation hearing: | **11/10/2015 @ 11:10 a.m.** |
| Place of confirmation hearing: | **701 E. Broad St., Room 5000, Richmond, VA** |

**Deems Leonard Self**
**Dianna Marie Self**
*Name(s) of debtor(s)*

By:  **/s/ Christina P. Spratley VSB**
**Christina P. Spratley VSB 78906**
*Signature*

■ Debtor(s)' Attorney
☐ Pro se debtor

**Christina P. Spratley VSB 78906**
*Name of attorney for debtor(s)*
**P. O. Box 11588**
**Richmond, VA 23230-1588**
*Address of attorney [or pro se debtor]*

| | |
|---|---|
| Tel. # | **804-358-9900** |
| Fax # | **(804) 358-8704** |

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

■ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this    **September 14, 2015**    .

**/s/ Christina P. Spratley VSB**
**Christina P. Spratley VSB 78906**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Deems Leonard Self** |
| Debtor 2 (Spouse, if filing) | **Dianna Marie Self** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-34657-KRH** |

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form B 6I
## Schedule I: Your Income                                                12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:      Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Employment status** | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| | **Occupation** | **Self Employed** | |
| | **Employer's name** | **Self's Painting Company** | |
| | **Employer's address** | **1537 Nomini Grove Road**<br>**Warsaw, VA 22572** | |
| | **How long employed there?** | **Since 1996** | |

### Part 2:      Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions).  If not paid monthly, calculate what the monthly wage would be. | 2. | $ 0.00 | $ 0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ 0.00 | +$ 0.00 |
| 4. | Calculate gross income.  Add line 2 + line 3. | 4. | $ 0.00 | $ 0.00 |

Debtor 1 **Deems Leonard Self**

Debtor 2 **Dianna Marie Self**

Case number (*if known*) **15-34657-KRH**

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| **Copy line 4 here** | | 4. | $ 0.00 | $ 0.00 |

5. **List all payroll deductions:**

| | | | | |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 0.00 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 0.00 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 0.00 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify: _____ | 5h.+ | $ 0.00 + | $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ 0.00   $ 0.00

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 0.00   $ 0.00

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**
Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ 2,882.68   $ 0.00

8b. **Interest and dividends**   8b.   $ 0.00   $ 0.00

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 0.00   $ 0.00

8d. **Unemployment compensation**   8d.   $ 0.00   $ 0.00

8e. **Social Security**   8e.   $ 0.00   $ 1,421.10

8f. **Other government assistance that you regularly receive**
Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
Specify: _____   8f.   $ 0.00   $ 0.00

8g. **Pension or retirement income**   8g.   $ 0.00   $ 741.74

8h. **Other monthly income.** Specify: **Oil Royalty**   8h.+   $ 0.00 +   $ 2.50

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ 2,882.68   $ 2,165.34

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ 2,882.68 + $ 2,165.34 = $ 5,048.02
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____   11.  +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies   12.   $ 5,048.02

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Deems Leonard Self** |
| Debtor 2 (Spouse, if filing) | **Dianna Marie Self** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (If known) | **15-34657-KRH** |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J

# Schedule J: Your Expenses                                            12/13

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

      ■ No

      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.       ☐ Yes.    Fill out this information for each dependent..............

   Do not state the dependents' names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |
   | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  |  | **Your expenses** |
|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $              858.86 |
|  | **If not included in line 4:** |  |
| 4a. | Real estate taxes | 4a. $              57.72 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $              201.09 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $              0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $              0.00 |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $              0.00 |

| Debtor 1 | **Deems Leonard Self** | | |
|---|---|---|---|
| Debtor 2 | **Dianna Marie Self** | Case number (if known) | **15-34657-KRH** |

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ | 260.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 20.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 346.76 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 352.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 75.00 |
| 10. | **Personal care products and services** | | 10. $ | 75.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 432.50 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 240.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 99.63 |
| | 15b. | Health insurance | 15b. $ | 437.95 |
| | 15c. | Vehicle insurance | 15c. $ | 201.44 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: **Personal Property** | | 16. $ | 28.52 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | $ | 0.00 |
| | | | 19. | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: **Miscellaneous Expenses** | | 21. +$ | 150.00 |
| | **Social Security Income (In re Mort Ranta)** | | +$ | 651.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 4,637.47 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 5,048.02 |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 4,637.47 |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 410.55 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

- ■ No.
- ☐ Yes.
Explain:

Office of the US Trustee
701 E. Broad Street
Room 4304
Richmond, VA 23219


ACS/JP Morgan Chase
501 Bleeker Street
Utica, NY 13501


AMEX
RE: Bankrutpcy
4315 South 2700 West
Salt Lake City, UT 84184-2145


Assigned Credit Solutions
10007 Lincoln Drive West
Marlton, NJ 08053


Bank of Lancaster
Attn: Bankruptcy Dept
P.O. Box 1869
Kilmarnock, VA 22482-1869


Barclays Bank
125 S. West Street
Wilmington, DE 19801


Bayview Loan Servicing, Inc.
Bankruptcy Department
4425 Ponce de Leon Blvd 5th FL
Miami, FL 33146


Best Buy/ CBNA
P.O. Box 6497
Sioux Falls, SD 57117


Capital One
PO Box 71083
Charlotte, NC 28272-1083


Chase Bank Card Services
201 N. Walnut Street
Wilmington, DE 19801

Clear One Advantage
1501 S. Clinton Street #320
Re: Bankruptcy
Baltimore, MD 21224


County of Westmoreland
Treasurer's Office
P.O. Box 730
Montross, VA 22520


Credit One Bank
PO Box 60500
City Of Industry, CA 91716-0500


Direct TV
RE: Bankruptcy
PO Box 6550
Englewood, CO 80155-6550


Discover Bank
948 Clopper Road  2nd Floor
Gaithersburg, MD 20878


Martin Sale Furniture
Attn: Bankruptcy Department
P.O. Box 699
Tappahannock, VA 22560


Metrocast Communications
43920 Airport View Dr,
Hollywood, MD 20636


Mosaic Debt Solutions
231 Plaza Lane, Suite 201
PO Box 14008
High Point, NC 27263


Northern Neck Electric Coop.
Re: Bankruptcy
P.O. Box 288
Warsaw, VA 22572-0288


Northland Group Inc.
Re: Capital One
PO Box 390846
Minneapolis, MN 55439

Peninsula Radiological Assoc.
Re: Bankruptcy
P.O. Box 12087
Newport News, VA 23612-2087


Portfolio Recovery
Re: Bankruptcy
PO BOX 12914
Norfolk, VA 23514


Riverside Health System
Re: Bankruptcy
P.O. Box 6008
Newport News, VA 23606


Riverside Medical Group
PO Box 49
Tucker, GA 30085


Riverside Tappahannock Hosp.
Re: Bankruptcy
P.O. Box 6008
Newport News, VA 23606


Select Portfolio Servicing inc
P.O. Box 551170
Jacksonville, FL 32255-1170


Shapiro & Brown LLP
Attn Susan Meyer
501 Independence Pky st 203
Chesapeake, VA 23320


Shell/CITI
Re: Bankruptcy
PO Box 6497
Sioux Falls, SD 57117-6497


Springleaf Financial
P.O. Box 3251
Evansville, IN 47731-3251


Springleaf Financial Services
1830 Tappahannock Blvd.
Tappahannock, VA 22560

SYNCB/Lowes
PO Box 965005
Orlando, FL 32896


SYNCB/Old Navy
PO Box 965005
Orlando, FL 32896


SYNCB/Walmart DC
PO Box 965024
Orlando, FL 32896


Target Card Services
P.O. Box 660170
Dallas, TX 75266


Zwicker & Associates
Re: Lowes
80 Minuteman Road
Andover, MA 01810